United States District Court
Southern District of Texas
ENTERED
November 19, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY ANTONIO DE LA SANTISIMA AVILA ANEZ, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-26-7101 |
| MARTIN FRINK, et al., | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Henry Antonio De La Santisima Avila Anez ("Petitioner"), a citizen of Venezuela, entered the United States without inspection on February 23, 2021.[1] On February 24, 2021, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] On September 8, 2023, an immigration judge terminated the removal proceedings without prejudice, finding that the Department of Homeland Security had failed to submit documents curing a defect in the Notice to Appear within the time allowed.[3]

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 6 ¶ 20; Motion to Stay, and in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 9, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 9 to Habeas Petition, Docket Entry No. 1-9, p. 24.

[3]Habeas Petition, Docket Entry No. 1, p. 7 ¶ 22.

On August 7, 2026, Petitioner was taken into immigration custody.[4] On August 8, 2026, Petitioner was served with a second Notice to Appear, charging him with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[5] Petitioner remains in immigration custody.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process, bond regulations, and the Administrative Procedure Act ("APA").[7] Petitioner also argues that his warrantless arrest violates the Accardi doctrine and the Fourth Amendment.[8] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 9). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[9]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th

---

[4]Id. at 8 ¶ 24.

[5]Notice to Appear, Exhibit 3 to Respondents' MSJ, Docket Entry No. 1-3, pp. 2, 5.

[6]Respondents' MSJ, Docket Entry No. 9, p. 2.

[7]Habeas Petition, Docket Entry No. 1, pp. 10-22 ¶¶ 30-53. As explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claim under the APA is foreclosed. Moreover, Petitioner's bond regulation claim fails because it depends on the rejected statutory interpretation of § 1225 and § 1226. Ortega v. Venturella, Civil Action No. 1:26-cv-808, 2026 WL 3136055, at *3 (S.D. Tex. Aug. 17, 2026) ("The Court finds this [bond regulation] claim fails too; it derives from his claim that he is improperly held under § 1225(b)(2)(A).").

[8]Habeas Petition, Docket Entry No. 1, pp. 22-24 ¶¶ 54-58.

[9]Respondents' MSJ, Docket Entry No. 9, p. 1.

Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

Moreover, Petitioner cannot seek habeas relief under the Accardi doctrine or the Fourth Amendment. Although Petitioner alleges he was arrested without a warrant in violation of 8 C.F.R. § 287.8(c)(2)(i) and the Fourth Amendment, "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 19th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE